IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC HEATH,<br><br>    Plaintiff,<br><br>        v.<br><br>ILG TECHNOLOGIES, LLC<br>doing business as<br>ILG Information Technologies,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:20-CV-3130-TWT |
| WOROMA EJIOWHOR,<br><br>    Plaintiff,<br><br>        v.<br><br>ILG TECHNOLOGIES, LLC<br>doing business as<br>ILG Information Technologies,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:20-CV-3651-TWT |
| KIRAN CHAITRAM,<br><br>    Plaintiff,<br><br>        v.<br><br>ILG TECHNOLOGIES, LLC<br>doing business as<br>ILG Information Technologies,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:20-CV-3652-TWT |

T:\ORDERS\20\Heath\msjpgc.docx

| | |
|---|---|
| JB HILLIARD, <br><br> Plaintiff, <br><br> v. <br><br><br> ILG TECHNOLOGIES, LLC <br> doing business as <br> ILG Information Technologies, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:20-CV-3654-TWT |
| OLIVIA MOONEY, <br><br> Plaintiff, <br><br> v. <br><br><br> ILG TECHNOLOGIES, LLC <br> doing business as <br> ILG Information Technologies, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:20-CV-3656-TWT |
| TERRELL THOMAS, <br><br> Plaintiff, <br><br> v. <br><br><br> ILG TECHNOLOGIES, LLC <br> doing business as <br> ILG Information Technologies, <br><br> Defendant. | CIVIL ACTION FILE <br> NO. 1:20-CV-3655-TWT |

T:\ORDERS\20\Heath\msjpgc.docx

JEFFREY T. MCADAMS,

    Plaintiff,

      v.

ILG TECHNOLOGIES, LLC
doing business as
ILG Information Technologies,

    Defendant.

CIVIL ACTION FILE
NO. 1:20-CV-3131-TWT

## OPINION AND ORDER

These are negligence actions. They are before the Court on the Defendant's Motions for Summary Judgment [1:20-cv-3130, Doc. 35; 1:20-cv-3131, Doc. 35; 1:20-cv-3651, Doc. 29; 1:20-cv-3652, Doc. 28; 1:20-cv-3654, Doc. 28; 1:20-cv-3655, Doc. 27; 1:20-cv-3656, Doc. 27] and the Defendant's Motions in Limine [1:20-cv-3130, Doc. 32; 1:20-cv-3131, Doc. 32; 1:20-cv-3651, Doc. 27; 1:20-cv-3652, Doc. 26; 1:20-cv-3654, Doc. 25; 1:20-cv-3655, Doc. 25; 1:20-cv-3656, Doc. 25]. For the reasons set forth below, the Defendant's Motions for Summary Judgment are GRANTED and the Defendant's Motions in Limine are DENIED as moot.

## I.   Background

These cases return to the Court on the nearly identical Motions for

T:\ORDERS\20\Heath\msjpgc.docx

Summary Judgment filed by the Defendant, ILG Technologies, LLC ("ILG").[1] As summarized in detail in this Court's November 24, 2020 Order, the Plaintiffs—Eric Heath, Jeffrey McAdams, Woroma Ejiowhor, Kiran Chaitram, JB Hilliard, Terrell Thomas, and Olivia Mooney—are examinees who took the Georgia Bar Examination ("the Exam") in July 2015 or February 2016 and were erroneously informed that they failed. *See Heath v. ILG Techs., Inc.*, Civ. A. No. 1:20-cv-3130, 2020 WL 6889164, at *1 (N.D. Ga. Nov. 24, 2020). After undertaking efforts to retake the Exam and suffering a variety of alleged personal, professional, and financial injuries, the Plaintiffs were informed that they had in fact passed their first attempts. *Id.* They filed suit individually against the Defendant, a technology vendor who provided the Georgia Office of Bar Admissions ("OBA") and the Georgia Board of Bar Examiners ("GBBE") with software to assist with grading the Exam and notifying examinees of their results. *Id.* The Plaintiffs each brought a variety of claims: negligence, negligent misrepresentation, breach of contract, strict liability, negligent design, and attorneys' fees. *Id.* In its November 24, 2020 Order, the Court

---

[1] As with the Motions to Dismiss, the Court compared the Parties' briefing on these Motions and found them to be essentially identical. The only difference of note was the remark that the Plaintiff Chaitram, who had been previously licensed to practice law in another state, took a "special version" of the Georgia Bar Exam. (*See* Pl. Chaitram's Compl. ¶ 5.) Because this fact does not impact the Court's analysis, these Motions will be analyzed together. Further, because the briefing from both parties is essentially identical in all cases, each citation to the Parties' briefs will refer specifically to those filed in Plaintiff Heath's case, Case Number 1:20-cv-3130.

T:\ORDERS\20\Heath\msjpgc.docx

dismissed all of the Plaintiffs' claims except their claims of negligent misrepresentation and attorneys' fees. *Id.* at \*13. The Defendant now seeks summary judgment on these remaining claims.

## II.    Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.    Discussion

Under Georgia law, a claim for negligent misrepresentation rests on three essential elements: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." *Martin v. Chasteen*, 354 Ga. App. 518, 522 (2020) (internal quotation marks omitted). The Defendant raises

5

several arguments as to why the Plaintiffs' negligent misrepresentation claims fail as a matter of law. In particular, the Defendant argues it made no affirmative misrepresentation to the Plaintiffs, as the OBA "processed the raw scores using software provided by" the Defendant, and it did not communicate any scores to either the OBA or the Plaintiffs. (Def.'s Br. in Supp of Def.'s Mot. for Summ. J., at 13.) In response, the Plaintiffs identify two alleged misrepresentation made by the Defendant: that the Defendant would "provide accurate results" in accordance with its contract with the OBA; and that the Plaintiffs failed the test. However, the Plaintiffs do not dispute the Defendant's contention that it performed no data entry and did not itself grade the Exams. Nor do the Plaintiffs provide sufficient evidence indicating any misrepresentation made by the Defendant to the OBA or the Plaintiffs. As a result, the Plaintiffs have failed to demonstrate any genuine issue of material fact with regards to the first element of a negligent misrepresentation claim, and their claims fail as a matter of law.

The *sine qua non* of a negligent misrepresentation claim is the "supply of false information." *Martin*, 354 Ga. App. at 522; *see also Global Payments, Inc. v. InComm Fin. Svcs., Inc.*, 308 Ga. 842, 845 (2020) ("Liability for a negligent representation attaches when a defendant makes a false representation upon which the plaintiff relies."). However, the Plaintiffs have not identified any false information supplied by the Defendant. At all relevant times, the undisputed facts indicate that the Defendant "did not perform any

6

data entry related to the processing of Georgia bar exam results" and "did not calculate bar exam scores." (Def.'s Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶ 5.) Further, the Defendant "never communicated bar exam results" to the OBA. (*Id.* ¶ 6.) Though the Plaintiffs did not dispute the above facts, they claim in their briefs—without supporting evidence—that the Defendant "represented to OBA that [the Plaintiffs] failed the test." (Pl. Heath's Br. in Opp'n to Def.'s Mot. for Summ. J., at 11.) Local Rule 56.1(B)(2)(a)(2) notes that a responding party's failure to object to or refute a movant's facts will result in that fact being admitted. The Plaintiffs did not object to or refute the above facts. Thus, the Defendant's claimed facts are admitted, and the Plaintiffs' arguments to the contrary in their briefs are disregarded. As a result, the Court finds that the Defendant had no role in the generation and communication of the erroneous Exam results beyond its provision of software to the OBA.

Without any facts indicating the Defendant's role in creating or communicating the erroneous scores, the Plaintiffs rely on two other claimed misrepresentations to support their claims. First, the Plaintiffs contend that the Defendant "represented to OBA that it will provide accurate results." (Pl. Heath's Br. in Opp'n to Def.'s Mot. for Summ. J., at 11.) However, the Plaintiffs fail to cite to any contractual language making such a guarantee, instead making a conclusory argument that the Defendant's promise to provide its software used to facilitate bar admission also guaranteed all results generated

7

by the users would be accurate. (*Id.*) Without any contractual language supporting such a warranty, the Plaintiffs' argument fails. Second, the Plaintiffs claim that the Defendant "represented to OBA that the Plaintiff[s] failed the test." (*Id.*) But this contention flies in the face of the undisputed fact that the Defendant never communicated scores to the OBA. As a result, this argument is disregarded, and both of the claimed misrepresentations fail to support the Plaintiffs' negligent misrepresentation claims.

The Plaintiffs further argue—again, without testimonial or documentary evidence—that "there is a genuine issue of fact as to Defendant ILG's role in the supply of this false information[.]" (Pl. Heath's Br. in Opp'n to Def.'s Mot. for Summ. J., at 13.)[2] In essence, the Plaintiffs appear to argue that because the Defendant's software generated the results, a question of fact exists as to its role in supplying false information. (*Id.* at 4, 13.) The Plaintiffs correctly note that the Defendant could be held liable even if the Defendant supplied only the OBA with false information. (*Id.* at 11, 13.) However, the

---

[2] The Court must note that the Plaintiffs repeatedly equate their arguments, backed by nothing more than allegations, with the Defendant's arguments based upon its Statement of Undisputed Facts. The Plaintiffs cast their opposing contentions as genuine issues of material fact. Such an argument ignores the procedures of Local Rule 56.1(B). The Defendant properly filed a Statement of Undisputed Material Facts, and to the extent the Plaintiffs did not dispute those facts or failed to properly object to or refute them, those facts are admitted and relied upon by the Court. The Plaintiffs also chose not to file a Statement of Additional Undisputed Material Facts, as permitted by the Local Rules. After review, the Defendant's facts indicate that it is entitled to judgment as a matter of law. Contrary arguments unsupported by evidence are insufficient at this stage in the litigation.

Defendant here provided the OBA with software, not false information. The Defendant gave the OBA the software, and the OBA then created the false information using that software. Just as a failing math student cannot blame his calculator for his poor grades, the Plaintiffs cannot hold the Defendant liable for erroneous results based off of the data input by the OBA. Even if the Defendant was deemed to have played some role in the supply of the erroneous Exam scores, liability for negligent misrepresentation would not attach for information not created by the Defendant absent some representation "that the false information was legitimate, accurate, or trustworthy." *Global Payments, Inc.*, 308 Ga. at 845. While the Plaintiffs identify the Defendant's claim that the software operated as a "complete, customized, turn-key system of enterprise software for digitizing and electronically administering the entire bar admission process[,]" the Plaintiffs do not identify any representation that the scores calculated by the OBA using the software would be legitimate, trustworthy, and accurate. (Def.'s Mot. for Summ. J., Ex. 4, at 3.) Thus, under Georgia law, the Plaintiffs have failed to identify false information created or supplied by the Defendant to foreseeable persons, and the Plaintiffs' claims fail as a matter of law.

As a result of the analysis above, the Court does not reach the Plaintiffs' arguments that the Defendant's supply of false information was negligent. Because this alleged negligence was the focus of the Plaintiffs' proffered expert testimony, the Court denies the Defendant's Motions in Limine seeking to

9

exclude these experts as moot. Finally, with no substantive claims remaining, the Plaintiffs' claims for attorneys' fees under O.C.G.A. § 13-6-11 fail, as well. *See Perkins v. Thrasher*, 701 F. App'x 887, 891 (11th Cir. 2017) (noting that claims under O.C.G.A. § 13-6-11 "are derivative of Georgia tort law claims and thus require an underlying claim").

## IV.   Conclusion

For the reasons set forth above, the Defendant's Motions for Summary Judgment [1:20-cv-3130, Doc. 35; 1:20-cv-3131, Doc. 35; 1:20-cv-3651, Doc. 29; 1:20-cv-3652, Doc. 28; 1:20-cv-3654, Doc. 28; 1:20-cv-3655, Doc. 27; 1:20-cv-3656, Doc. 27] are GRANTED, and the Defendant's Motions in Limine [1:20-cv-3130, Doc. 32; 1:20-cv-3131, Doc. 32; 1:20-cv-3651, Doc. 27; 1:20-cv-3652, Doc. 26; 1:20-cv-3654, Doc. 25; 1:20-cv-3655, Doc. 25; 1:20-cv-3656, Doc. 25] are DENIED as moot.

SO ORDERED, this 17 day of September, 2021.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

10